**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 10, 2017

Drew Rolle
Office of the United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Ruslan Mirvis 16-CR-273 (FB)</u>

Dear Mr. Rolle:

    I write to request discovery in the above-captioned case. If the requested material exists but the government declines to provide it based on a theory that it is not discoverable, please let me know of that position, so that I might file appropriate motions in a timely manner. If I do not receive a response to the requested materials, I will assume that those materials do not exist and will prepare the case accordingly. In connection with the following requests, I additionally request that the government continue to preserve any and all evidence to which Mr. Mirvis is entitled access under Rule 16, <u>Brady</u>, or any other applicable law.

    **<u>Eyewitnesses to the Incident</u>**

    If the government is aware of any individuals who have witnessed the alleged criminal conduct at issue here and/or have identified or failed to identify our client or any other individual as involved in the incident, I request the names and contact information for these witnesses. The primary basis for this request is my client's well-settled constitutional guarantees to due process, a fair trial, confrontation of government witnesses, and effective assistance of counsel.

    **<u>Rule 16 Discovery Requests</u>**

    1.    **<u>Statements</u>**, Rule 16(a)(1)(A) and (B)

    I hereby request all statements made by Mr. Mirvis. This request includes any written or recorded statements by Mr. Mirvis and the substance of any relevant oral statements made by Mr. Mirvis whether before or after arrest to any person then known to Mr. Mirvis to be a government agent.

    2.    **<u>Prior Record</u>**, Rule 16(a)(1)(D)

    I request a list of any other prior convictions which could be used for impeachment purposes should Mr. Mirvis choose to testify at trial. In addition, please provide me with

information regarding any arrests or other acts that the government would use to rebut possible character evidence at trial.

3. **Documents**, Rule 16(a)(1)(E)

Please provide any documents, papers or books within the custody of the government that the government either intends to use at trial **or which are material to the preparation of the defense.** This request includes any and all reports done by police in relation to this case, including search warrant and affidavits in support of those warrants; copies of any photos or photo arrays that were used for any identifications of Mr. Mirvis and copies of any notes made by law enforcement in this case.

4. **Radio Communications**

I request a copy of all 911 calls, radio runs, lookouts, additional wiretap information and all other radio and cellular communications relating to this case. I request that I be permitted to not only listen to any existing recorded communications prior to trial, but also make a copy of the recorded communications, or receive a copy of those communications. Until I have had the chance to listen to, record or receive those communications, I ask that they be preserved.

5. **Tangible Objects**, Rule 16(a)(1)(E)

Please provide me with a list of and opportunity to view any tangible objects involved in this case which the government intends to use at trial or which are material to the preparation of the defense. Unless notified otherwise, I will assume that the government does not possess any other tangible objects and prepare for the case accordingly. I request that the government preserve any tangible objects, in their present condition and provide access for purposes of inspection. I also request color copies of all photographs taken (and their negatives).

With respect to the video recordings made reference to in the complaint and the charges of the indictment, I request the opportunity to view all recordings and any images that are in the government's possession. Additionally because several electronic devices were seized and removed from Mr. Mirvis's home I request the opportunity to inspect those devices with the assistance of a forensic technician.

6. **Reports of Examinations and Tests**, Rule 16(a)(1)(F)

Pursuant to Rule 16(a)(1)(F), please provide me with the results and reports (including data and summary reports) relating to each and every individual scientific test or experiment performed in relation to the alleged incident, including any handwriting, or other forensic analysis and/or examination generated in this case, to include analysis of IP addresses, social media accounts and the actual computer devices.

7. **Expert Witnesses**, Rule 16(a)(1)(G)

If the government intends to call any expert witnesses, I hereby request notice of that expert and a written summary of the expert testimony that the government intends to use during its case in chief at trial. Included in the summary of the expert witness' opinions should be the

bases and the reasons therefore, and the witness' qualifications. If the government intends to call an expert but cannot say which of two or more possible expert witnesses the government will actually call at the time of trial, then please be sure to include the requisite discovery materials for each potential expert.

If it is the government's intention to call an expert, please provide **in detail** a summary of the testimony, the opinions the expert will offer, and the reasons and bases for those opinions. That means, for example, that a firearm examination report will not suffice. The typical report does not provide all the opinions the government will seek to elicit from the firearms expert on the stand. Nor does the report provide in detail the bases and reasons for those opinions. With regard to the reasons and bases for the opinions, at a minimum the expert's complete laboratory or bench notes, any photographs or other documents memorializing the process by which the expert came to his or her opinions, and citations to relevant literature and research findings validating the methodology used by the expert must be disclosed.

If I do not receive expert disclosure consistent with Rule 16, I will be unable to prepare adequately to confront the expert and move the Court to preclude the government from calling the expert.

### 8. Evidence of Uncharged Alleged Misconduct

Please notify us if the government intends to introduce any evidence of Mr. Mirvis's uncharged alleged misconduct. This request covers the substance of any such prior misconduct that the government may seek to introduce. Unless notified otherwise, I will assume that the government does not intend to introduce evidence of uncharged alleged misconduct.

### 9. Identification Procedures

If any identification procedures were conducted by the police in this case, please provide the following information: the time, location, and nature of any identification procedure, the exact words of the identifying witness and any information regarding false identifications or non-identifications.

### *Brady* Requests

I hereby make a general request for exculpatory and impeachment information pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

a. the identity of any witnesses who indicates that Mr. Mirvis did not commit this offense, and the substance of those witnesses' statements.

b. any and all witnesses who do not fully corroborate the government's case or who serve to impeach the government's evidence.

c. any information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness – including any information that any any witnesses have known substance abuse or mental health issues that could affect the

    witness' ability to perceive and recall events.

d.  any prior inconsistent, non-corroborative, or other witness statement that will not reflect the witness' trial testimony.

e.  any evidence that any government witness was under the influence of any alcohol, narcotics, or any other drug at the time of the incident about which the witness will testify, or that the witness' faculties were impaired in any way.

f.  information concerning any impeachable convictions of government witnesses, including agents

g.  all information indicating that:

1.  any government witness had a pending criminal or juvenile case at the time of the incident in the present case and/or has had any such cases since that date.

2.  any government witness had an arrest, guilty plea, trial, fact-finding hearing, sentencing or disposition pending at the time Mr. Mirvis was indicted and/or since that date.

3.  any government witness was on juvenile or criminal aftercare or parole, or probation at the time of the incident in the present case and/or has been since that time.

4.  any government witness has now, or has had, any liberty interest that the witness might believe or might have believed would be favorably affected by government action; and,

5.  any deals, promises, or inducements that have been made to any government witness in exchange for their testimony.

    With respect to the above information, I hereby request docket numbers, dates, and jurisdictions for any and all requested cases.

h.  any information that any government witness was, has been, or is a police informant, from the time of the incident in this case up to and including the day(s) of trial.

i.  any evidence or information that tends to link another individual to the crime charged.

j.  any and all information in the agents' personnel, disciplinary, and internal

      investigation files which would tend to undermine the credibility of the government's key witnesses who are law enforcement. This request includes pending internal investigations and past reprimands resulting in periods of probation or other supervision.

k. Please disclose any impeachment material for any informant witnesses as soon as possible including the name and criminal history of the informant, any agreement pursuant to which the informant has provided assistance in the pending case; the informant's prior cooperation history in this jurisdiction or in any other jurisdiction of which the prosecutor is aware and any benefit that the informant expects or has been provided.

With respect to any of the information requested above, I hereby request any reports, records or other documents containing such information. If such reports, records or other documents are in the custody, control or possession of the government, they must be disclosed to the defense.

In carrying out your constitutionally-mandated <u>Brady</u> obligations, you should:

1. Speak to all members of the "prosecution team";
2. Speak to all employees of the U.S. Attorney's Office involved with the case;
3. Speak with all law enforcement who handled the case;
4. Review all case files maintained by your office, not just concerning the instant case but any related case;
5. Search all criminal record databases to which you have access for criminal records concerning any potential witnesses in this case;
6. Examine any pre-sentence reports and probation files relevant to this case.

The foregoing requests are made pursuant to the authority of the <u>Brady</u> decision and its progeny. If you disagree with the legality of any of these requests, please let us know in writing so that I can litigate the matter before the Court.

### **3500 Request**

Please be advised that Mr. Mirvis is requesting prompt disclosure of any and all 3500 materials pursuant to 18 U.S.C. 3500. Undersigned counsel is aware that 18 U.S.C. 3500 does not require the government to produce such materials until after a witness has testified. 18 U.S. C. 3500 (c), and that the Court has scheduled a deadline for the government to turn over 3500 in this case. 18 U.S.C. 3500 expressly authorizes the Court to recess proceedings when counsel requires time to examine and use the materials provided under subsection (a). Such a recess wastes valuable court time and resources. Thus the defense requests that the government be mindful of the volume of 3500 when considering when to turn it over in advance of trial in order to avoid delay.

**Duty to Preserve Discoverable Evidence**

The government has an ongoing duty to preserve evidence. United States v. Grammatikos, 633 F.2d 1013, 1019 (2d Cir.1980). Accordingly, I remind you of the government's duty to preserve any evidence that is discoverable or that the government is obligated to disclose pursuant to Brady and its progeny.

**Continuing Duty to Disclose**

The duty to disclose under Rule 16(c) and under Brady (and its progeny) is a continuing one and the requests stated above are therefore continuous, stretching until final disposition of this case. Thank you for your prompt attention to these requests.

Sincerely,

/s/ Amanda David
Amanda David
Counsel for Ruslan Mirvis
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718.330.1208