

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DGR
F. #2017R00959

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 12, 2017

By Hand Delivery and ECF

Amanda David
Federal Defenders of New York
One Pierrepont Plaza
Brooklyn, New York 11201
Email: amanda_david@fd.org

      Re:    United States v. Ruslan Mirvis
               Criminal Docket No. 17-273 (FB)

Dear Ms. David:

      Enclosed please find a compact disc containing the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure and in response to your letter dated July 10, 2017 (ECF No. 12). The government also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

    A.    Statements of the Defendant

    Please find enclosed:

- A report summarizing a consensual interview of the defendant on or about April 21, 2017 (the "April 21 Interview"), Bates-numbered MIRVIS000001 through MIRVIS000002; and

- An audio recording of the April 21 Interview, Bates-numbered MIRVIS000003.

B.   Documents and Tangible Objects

Please find enclosed the following:

- Screenshots of various social media accounts, Bates-numbered MIRVIS000004 through MIRVIS000014;

- A search warrant for information associated with Facebook User ID 100015454505887 and Facebook User ID 100006358444922 (collectively, the "Facebook Accounts") and the underlying affidavit, Bates-numbered MIRVIS000015 through MIRVIS000040;

- A search warrant for the premises located at 1640 Ocean Avenue, Apartment 6B, Brooklyn, Kings County, NY, and the underlying affidavit, Bates-numbered MIRVIS000041 through MIRVIS000052; and

- Documents obtained from T-Mobile, US, Inc. related to telephone call number (347) 319-8032, Bates-numbered MIRVIS000053.

The government is also in possession of content obtained from Facebook, Inc., obtained pursuant to the search warrant produced and referenced above (see MIRVIS000015 through MIRVIS000040. Some of the content appear to include images that constitute child pornography and is thus subject to the provisions of the Adam Walsh Act, Public Law 109-248 (the "Adam Walsh Act"). Additionally, the government is in possession of images transmitted via Facebook, which also constitute child pornography and are thus subject to the provisions of the Adam Walsh Act. You may contact me to arrange a mutually convenient time to examine these items and any other physical evidence discoverable under Rule 16, including any original documents.

C.   Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

D.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

E.   Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to

produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

  F. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

    Very truly yours,

    BRIDGET M. ROHDE
    Acting United States Attorney

By:    /s/ Drew G. Rolle
    Drew G. Rolle
    Assistant U.S. Attorney
    (718) 254-6783

Enclosures

cc:    Clerk of the Court (FB) (by ECF) (without enclosures)