Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com

FILED
CLERK

2017 SEP 20 AM 10: 06

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

September 18, 2017

*Via Email and Express Courier*
*sarah_howard@fd.org*

Sarah Howard
Federal Defenders, Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1259

**Re: *United States of America v. Ruslan Mirvis*, United States District Court for the Eastern District of New York, 17-CR-273 (FB) (Internal Ref. No. 1225177)**

Dear Sarah Howard:

Google Inc. ("Google") has received your subpoena dated September 15, 2017, issued on behalf of a criminal defendant in this matter (the "Subpoena"). As we understand it, you seek documents or testimony related to the Google Account(s) associated with BRIANBRAY34@GMAIL.COM.

As set forth below, Google objects to your Subpoena and will not produce documents at this time. Please contact me if you wish to meet and confer.

**User Notification**

Google objects to the subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. If the subpoena has sufficiently identified a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user. Unless Google is informed of the user's objection and/or intent to file a motion to quash, Google may respond to the subpoena 20 days from the date of notification, via email. Google reserves the right to further object to the subpoena in any response.

**Service**

As an initial matter, all federal criminal subpoenas must be personally served and accompanied by the appropriate fees if they demand testimony. Fed. R. Crim. Pro. 17(d); *U.S. v. Sandoval,* 2010 WL 2757188, at *2-3 (S.D. Fla. July 13, 2010); *U.S. v. Sabhnani*, No. 07–cr–429 (ADS)(WDW), 2008 WL 7842013, at *2-3 (E.D.N.Y., July 19, 2008). Should you seek court assistance in obtaining personal service and/or payment of fees pursuant to Fed. Crim. R. 17(b), please attach a copy of this letter to any papers you may file.

**Records Equally Available to the Parties**

Google objects to your subpoena to the extent it seeks information available directly from the user or from some other source (including public sources) that is more convenient, less burdensome, or less expensive. Litigants, including criminal defendants, have an obligation to avoid burdening non-parties such as Google, who have no stake in the underlying litigation.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

2. Google objects to the Subpoena to the extent it specifies a date of production and date of testimony that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

3. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence. All discovery requests must be reasonably calculated to lead to the discovery of admissible evidence, *see, e.g.*, Cal. Civil Code § 2017.010.

4. Google also objects to your requests because they are overly broad, vague, ambiguous, unlimited in time or scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on Google. Such sweeping requests would not only violate the SCA but would likely also encompass content regarding persons that have nothing to do with this matter. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.

5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.

Please let us know whether you plan to withdraw the appearance seeking portion your subpoena by the close of business on October 2, 2017. If you do not withdraw, Google may seek judicial relief.

If you have any questions, please feel free to contact the Legal Support Department at google-legal-support@google.com. Should you seek the aid of the Court in enforcing the subpoena over Google's objections despite its invalidity and prior court decisions quashing similar subpoenas, please attach this letter to any pleadings you file, and provide Google with advance notice and copies of any filed pleadings. In the meantime, Google does not waive any available objections.

Very truly yours,

/s/ Brittany Araujo
Legal Investigations Support

cc: Clerk of Court