**FILED
CLERK**

2/4/2022 2:10 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                      .
 The United States of America,        .  Docket #CR-17-273 (FB)(ST)
                                      .
         Plaintiff,                   .
                                      .  United States Courthouse
              vs.                     .  Central Islip, New York
                                      .  December 17, 2021
 Ruslan Mirvis,                       .  12:37 p.m.
                                      .
         Defendant.                   .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
BEFORE THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For The Plaintiff: | Oren Gleich, Esq.<br>U.S. Attorney's Office<br>610 Federal Plaza<br>Central Islip, NY 11722 |
| For The Defendant: | Michael O. Hueston, Esq.<br>16 Court Street-Ste. 1800<br>Brooklyn, NY 11241<br><br>Dorea H. Silverman, Esq.<br>80 Broad St.-Ste. 1900<br>New York, NY 10004 |
| Audio Operator: | |
| Transcribing Firm: | Writer's Cramp, Inc.<br>1027 Betty Lane<br>Ewing, NJ 08628<br>609-588-8043 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

## Index

|  | Direct | Cross | Redirect | Recross | Further Redirect |
|---|---|---|---|---|---|

**Witnesses For The Plaintiff:**

**Witnesses For The Defendant:**

| EXHIBITS: | Marked | Received |
|---|---|---|

**SUMMATION BY:**

| THE COURT: Finding | 19 |
|---|---|

1          THE CLERK:  All rise.
2          THE COURT:  You can be seated.
3          THE CLERK:  Court is now in session, the Honorable
4  Steven Tiscione presiding.  Criminal cause for guilty plea,
5  <u>The United States of America vs. Mirvis</u>, defendant Ruslan
6  Mirvis, docket #17-CR-273.  Counsel, please state your
7  appearances for the record beginning with the government.
8          MR. GLEICH:  Hi, Oren Gleich on behalf of the United
9  States.  Good afternoon, Your Honor.
10         THE COURT:  Good afternoon.
11         MR. HUESTON:  Good afternoon, Your Honor.  Michael
12 Hueston and Dorea Silverman for Mr. Mirvis.
13         THE COURT:  Good afternoon.  Good afternoon, Mr.
14 Mirvis.  Can you please swear in the defendant?
15         THE CLERK:  Mr. Mirvis, could I ask you to please
16 stand?
17               RUSLAN MIRVIS, DEFENDANT, SWORN
18         THE COURT:  Mr. Mirvis, are you able to speak and
19 understand English?
20         MR. MIRVIS:  Yes.
21         THE COURT:  All right.  Have you had any difficulty
22 communicating with your attorneys?
23         MR. MIRVIS:  No.
24         THE COURT:  Okay.  And you understand that this is
25 Judge Block's case.  He is the district court judge who will

 1   sentence you and will make the ultimate determination about
 2   whether to accept your guilty plea.  If you choose to do so,
 3   you have the absolute right to have Judge Block listen to your
 4   plea and if that is your choice, there will be no prejudice
 5   against you.  Alternatively, you can proceed here before me
 6   today.  A transcript of the proceeding will be made and Judge
 7   Block will review the transcript in deciding whether to accept
 8   your plea and in connection with your sentencing, do you
 9   understand that?
10              MR. MIRVIS:  Yes.
11              THE COURT:  And do you wish to waive your right to
12   have Judge Block listen to your plea and instead proceed here
13   before me today?
14              MR. MIRVIS:  Yes.
15              THE COURT:  Okay.  Do you make that decision
16   voluntarily and of your own free will?
17              MR. MIRVIS:  Yes.
18              THE COURT:  Has any -- have any threats or promises
19   been made to you to induce you to have me take your plea?
20              MR. MIRVIS:  No.
21              THE COURT:  Okay.  All right, now before I accept
22   your guilty plea, I must ask you a number of questions to
23   assure that it is a valid plea.  If you do not understand any
24   of my questions, please let me know and I will reword the
25   question or explain it to the best of my ability, okay?

```
 1              MR. MIRVIS:  (No verbal response).
 2              THE COURT:  Do you understand that you have the
 3   right to be represented by counsel at trial and every other
 4   stage of the proceedings, including this one?
 5              MR. MIRVIS:  Yes.
 6              THE COURT:  Do you understand that if you cannot
 7   afford counsel, the court will appoint counsel for you?
 8              MR. MIRVIS:  Yes.
 9              THE COURT:  All right.  If at any time during these
10   proceedings you wish to speak to your attorney, just let me
11   know and I'll give you as much time as you need, okay?
12              MR. MIRVIS:  Okay.
13              THE COURT:  All right, you've sworn to tell the
14   truth, that means that if you answer any of my questions
15   falsely, your answers later may be used against you in a
16   separate prosecution for the crime of perjury of making a
17   false statement, do you understand that?
18              MR. MIRVIS:  Yes.
19              THE COURT:  All right.
20                        DIRECT EXAMINATION
21   BY THE COURT:
22   Q.   What's your full name, sir?
23   A.   Ruslan Mirvis.
24   Q.   And how old are you?
25   A.   39.
```

1    Q.   What's the highest grade you've completed in school?
2    A.   I just finished a GED.
3    Q.   Okay.  Are you presently or have you recently been under
4    the care of a physician?
5    A.   I'm sorry?
6    Q.   Are you presently or have you recently been under the care
7    of a doctor --
8    A.   Yes.
9    Q.   -- for anything?  Any condition that would affect your
10   ability to understand what's going on?
11   A.   No.
12   Q.   Okay.  Have you -- are you currently or you recently been
13   under the care of a psychiatrist?
14   A.   Yes.
15   Q.   Okay.  For what exactly?
16   A.   For depression.
17   Q.   Okay.  And are you on any kind of medications for
18   depression?
19   A.   Antidepression -- antidepressants.
20   Q.   Okay.  Do those medications affect your ability to think
21   clearly or understand what's going on?
22   A.   No.
23   Q.   All right.  Have you ever been hospitalized for mental
24   illness?
25   A.   No.

1  Q. Have you ever been hospitalized or treated for addiction
2  to drugs or alcohol?
3  A. No.
4  Q. In the past 24 hours, have you consumed any narcotic
5  drugs?
6  A. No.
7  Q. Aside from the antidepressants that you talked about, have
8  you consumed any other prescription medications in the past 24
9  hours?
10 A. I don't know the name, muscle relaxers.
11           MR. HUESTON:  Explain it to the judge.
12 A. I had an incident on my back.  They gave me muscle
13 relaxers.
14 BY THE COURT:
15 Q. Okay.
16 A. So that's about it.
17 Q. And do those muscle relaxants have any ability on your --
18 have any effect on your ability to think clearly or understand
19 what's going on?
20 A. No.
21 Q. No?  Okay.  All right, as you sit here today, is your mind
22 clear?
23 A. Yes.
24 Q. And do you have any questions about what's going on?
25 A. No, Your Honor.

1    Q.   Any difficulty following what's going on at all?
2    A.   No, I'm good.  I'm good.
3    Q.   No?  Okay.  All right.
4             THE COURT:  Counsel, have you discussed this matter
5    with your client?
6             MR. HUESTON:  Yes, Your Honor.
7             THE COURT:  And in your opinion, is he capable of
8    understanding the nature of these proceedings?
9             MR. HUESTON:  Yes, he is.
10            THE COURT:  In your opinion, does he understand the
11   rights he'll be waiving by pleading guilty?
12            MR. HUESTON:  Yes, in my opinion, he understands
13   those rights that's he's going to be giving up, yes.
14            THE COURT:  Do you have any doubt as to the
15   defendant's competence to plead at this time?
16            MR. HUESTON:  No, I do not.
17            THE COURT:  Have you advised him of the maximum
18   sentence and fine that can be imposed?
19            MR. HUESTON:  Yes, I have.
20            THE COURT:  And have you discussed -- the operation
21   of the advisory sentencing guidelines?
22            MR. HUESTON:  Yes, I have.
23            THE COURT:  All right.
24   BY THE COURT:
25   Q.   Mr. Mirvis, have you had a sufficient opportunity to

1   discuss this case with your attorney?
2   A.  Yes, I have.
3   Q.  And are you fully satisfied with the representation and
4   advice given to you in this case by your attorney?
5   A.  Yes.
6   Q.  Okay.  Now as I understand it, you're pleading guilty
7   pursuant to a superseding information.  Have you seen a copy
8   of this superseding information --
9   A.  Yes.
10  Q.  -- and charges a single count of coercion and enticement
11  of a minor to engage in illegal sexual activity, have you seen
12  that?
13  A.  Yes.
14  Q.  All right.  Do you understand the charge?
15  A.  Yes.
16  Q.  And have you discussed that specific charge to which
17  you'll be pleading guilty with your attorney?
18  A.  Yes.
19  Q.  Okay.  And you understand ordinarily, the government would
20  have to bring your case to the grand jury to seek an
21  indictment on this charge.  I have before me a waiver of
22  indictment form and it appears to be signed by you.  Do you
23  understand that you are giving up your right to have a grand
24  jury consider the case and decide whether or not there's
25  probable cause to issue an indictment?

1   A.   Yes.

2   Q.   All right.  And do you make that decision voluntarily and
3   of your own free will?

4   A.   Yes.

5   Q.   Have any threats or promises been made to you to induce
6   you to waive your right to an indictment?

7   A.   No.

8   Q.   All right.  Is this your signature on the waiver of
9   indictment form?

10   A.   Yes, it is.

11   Q.   Okay.  All right.  Before I get to the plea agreement, I
12   need to advise you of the rights that you'll be waiving by
13   pleading guilty.  The first and most important thing you must
14   understand is that you do not have to plead guilty even if you
15   are guilty.  Under our legal system, the prosecutor has the
16   burden of proving the defendant's guilt beyond a reasonable
17   doubt.  If the prosecutor cannot or does not meet that burden,
18   the jury has the duty to find the defendant not guilty even if
19   they believe the defendant is probably guilty, do you
20   understand that?

21   A.   Yes.

22   Q.   If you plead not guilty under the Constitution and laws of
23   the United States, you're entitled to a speedy and public
24   trial by a jury with the assistance of counsel on the charges
25   contained in the information, do you understand that?

 1   A.   Yes.
 2   Q.   At the trial, you'd be presumed innocent.  You would not
 3   have to prove that you're innocent.  It's always the
 4   government's burden to overcome that presumption and prove you
 5   guilty by competent evidence and beyond a reasonable doubt, do
 6   you understand that?
 7   A.   Yes.
 8   Q.   In the course of the trial, the witnesses for the
 9   government would have to come to court and testify in your
10   presence, and your counsel would have the right to cross
11   examine the witnesses for the government to object to evidence
12   offered by the government and to offer evidence on your
13   behalf.  Your attorney would also have the right to compel or
14   subpoena witnesses to come to court and testify, do you
15   understand that?
16   A.   Yes.
17   Q.   All right.  At the trial, you'd have the right to testify
18   on your own behalf if you choose to do so.  However, you're
19   not required to testify.  Under the Constitution of the United
20   States, a defendant in a criminal case cannot be forced to
21   take the witness stand at his or her trial and say anything
22   that can be used against them to show that they're guilty of
23   the crimes with which they have been charged.  If you decide
24   not to testify, the court would instruct the jury not to hold
25   that against you.  This is called your right against self

1   incrimination.  By pleading guilty, however, you'll be
2   admitting your guilt and giving up your right against self
3   incrimination, do you understand that?
4   A.  Yes.
5   Q.  If you plead guilty, I must ask you questions about what
6   you did in order to satisfy myself that you are in fact guilty
7   of the charge to which you are pleading guilty and you'll have
8   to answer my questions truthfully and acknowledge your guilt
9   under oath.  In other words, it is not simply enough to say
10  you are guilty.  You must tell me what it is that you did that
11  makes you guilty of the particular offense to which you are
12  pleading guilty, do you understand that?
13  A.  Yes.
14  Q.  All right.  If you plead guilty and the court accepts your
15  plea, you'll be giving up your Constitutional right to a trial
16  and all the other rights I've just discussed.  There will be
17  no further trial of any kind.  The court would simply enter a
18  judgment of guilty based on your guilty plea, do you
19  understand that?
20  A.  Yes.
21  Q.  Now if you decided to go to trial and the jury found you
22  guilty, you could appeal both the verdict and the sentence, by
23  pleading guilty and entering into the agreement that's before
24  the court, you'll have waived or given up your right to appeal
25  or collaterally attack all or part of the sentence that's

1   imposed.  Specifically you are giving up your right to appeal
2   or otherwise challenge your conviction and sentence in the
3   event that the court imposes a term of imprisonment of 360
4   months or below, do you understand that?
5   A.  Yes.
6   Q.  All right.  I have before me a written plea agreement.
7   It's 13 pages and the last page appears to have your signature
8   and the signature of your attorney and the government
9   attorneys.  Did you sign the last page of the plea agreement?
10  A.  Yes.
11  Q.  All right.  Did you review the entirety of the plea
12  agreement with your attorneys?
13  A.  Yes, I have.
14  Q.  And do you understand all of the terms contained in the
15  written plea agreement?
16  A.  Yes.
17  Q.  Does the written plea agreement accurately represent the
18  entire understanding or agreement that you have with the
19  government?
20  A.  Yes.
21           THE COURT:  Counsel, have you reviewed the agreement
22  with your client?
23           MR. HUESTON:  Yes, I have.
24           THE COURT:  And does it reflect your understanding
25  of the entire agreement that your client has entered into with

1    the government?

2             MR. HUESTON:  Yes, it does.

3    BY THE COURT:

4    Q.  Okay.  All right, I want to discuss with you the

5    sentencing scheme that's applicable here.  The statute you're

6    accused of violating carries a maximum sentence of life in

7    prison and a minimum term of imprisonment of 10 years.  There

8    is a minimum supervised release term of 5 years and a maximum

9    supervised release term of life to follow any term of

10   imprisonment.  If you violate any condition of release, you

11   could be sentenced up to 5 years without credit for pre-

12   release imprisonment or any time previously served on post-

13   release supervision.  If you commit specific crimes under

14   Chapter 109A, 110, or 117 or Title 18 United States Code

15   Sections 1201 or 1591 for which imprisonment for a term longer

16   than 1 year can be imposed, you can be sentenced up to not

17   less than 5 years and up to life for a violation.  Do you

18   understand that?

19   A.  Yes.

20   Q.  All right.  There's a maximum fine of $250,000.  There's

21   restitution as set forth in paragraphs 2 and 7 through 11 of

22   the agreement.  All right, there's no specific restitution

23   amount, so I assume that will be determined by the court at

24   the time of sentencing.

25            MR. GLEICH:  Correct, Your Honor.

```
 1  BY THE COURT:
 2  Q.   Okay.  All right, there's also mandatory $100 special
 3  assessment and a $500 additional special assessment under
 4  3014.
 5            MR. GLEICH:  Judge, that's $5,000.
 6  BY THE COURT:
 7  Q.   Sorry, did I say -- $100 in special assessment and a
 8  $5,000 additional special assessment.  Are you a citizen of
 9  the United States?
10  A.   No.
11  Q.   All right.  So as you are not a citizen of the United
12  States, I'll advise you that your conviction of this offense
13  will result in your deportation or removal from the United
14  States, do you understand that?
15  A.   Yes.
16  Q.   All right.  Understanding that, do you still wish to plead
17  guilty?
18  A.   Yes.
19  Q.   Okay.  Finally, there is a sex offender registration
20  pursuant to the Sex Offender Registration and Notification Act
21  as set forth in paragraph 13 of the agreement.  Do you
22  understand all of those sentencing provisions?
23  A.   Yes.
24  Q.   Okay.  All right.  Now Judge Block doesn't have complete
25  discretion to impose a sentence here.  As a first step, the
```

 1  court must consider the advisory sentencing guidelines issued
 2  by the United States Sentencing Commission in determining what
 3  is a reasonable sentence.  As a second step, the court must
 4  consider whether there are any factors present that would
 5  allow the court to depart from the advisory guidelines, either
 6  upwardly or downwardly.  In addition, the court must consider
 7  the factors set forth in 18 United States Code Section 3553(a)
 8  against all of the facts and circumstances of this case and it
 9  may be that what is called a non-guideline sentence may be
10  appropriate.  The bottom line is that until the date of
11  sentencing, when there's a pre-sentence report and the judge
12  hears from you, your lawyer and the government, you cannot
13  know with certainty what the guidelines will be, whether there
14  will be grounds to depart from them or whether the court will
15  impose a non-guideline sentence, do you understand that?
16  A.  Yes.
17  Q.  Nevertheless, I ask the attorneys to give their best
18  estimate of what the guidelines are likely to say based upon
19  the facts available to them at this point in time.  Please
20  keep in mind it's a guess.  It can be wrong.  It's not binding
21  of the government, probation, or the court and if the estimate
22  is wrong, you will not be permitted to withdraw your guilty
23  plea on that basis.  Do you understand that?
24  A.  Yes.
25              THE COURT:  What's the government's estimate of

```
 1   likely guideline range?
 2            MR. GLEICH:  The government's estimate is offense
 3   level 51, which carries with it a range of imprisonment of
 4   life.
 5            THE COURT:  Okay.  And does the defense have a
 6   similar or a different calculation?
 7            MR. HUESTON:  We have a similar calculation, Your
 8   Honor, and our client is stipulating to the guideline
 9   calculation --
10            THE COURT:  Okay.
11            MR. HUESTON:  -- as set forth in paragraph 2, the
12   last sentence.
13   BY THE COURT:
14   Q.  All right.  So let's understand that that means that
15   you're stipulating and will not challenge the guideline
16   calculation, which is offense level 51 which is a guideline
17   calculation of life imprisonment, do you understand that?
18   A.  Yes.
19   Q.  Okay.  All right.  Mr. Mirvis, do you have any questions
20   you'd like to ask me about the charge, your rights, or
21   anything else related to this matter?
22   A.  No.
23   Q.  All right.  Are you prepared to plead at this time?
24   A.  Yes.
25            THE COURT:  Counsel, do you know of any reason why
```

1  the defendant should not plead guilty?
2          MR. HUESTON:  No, Your Honor.
3          THE COURT:  Are you aware of any viable legal
4  defenses to the charge?
5          MR. HUESTON:  No, I am not.
6  BY THE COURT:
7  Q.  All right.  Mr. Mirvis, how do you plead to the sole count
8  of the superseding information, coercion, and enticement of a
9  minor to engage in illegal sexual activity, guilty or not
10 guilty?
11 A.  Guilty.
12 Q.  And are you pleading guilty voluntarily and of your own
13 free will?
14 A.  Yes.
15 Q.  Has anyone threatened or forced you to plead guilty?
16 A.  No.
17 Q.  Other than the promises contained in the written plea
18 agreement, has anyone made any other promises to you to induce
19 you to plead guilty?
20 A.  No.
21 Q.  Has anyone made any promise to you as to what your final
22 sentence will be?
23 A.  No.
24 Q.  All right.  Did you, as charged in the superseding
25 indictment, between March and April of 2017, using one or more

                         The Court - Finding                    19

 1   means of interstate and foreign commerce, specifically the
 2   internet, knowingly and intentionally persuade, induce,
 3   entice, and coerce a minor to engage in sexual activity?
 4   A.   Yes.
 5   Q.   All right.  Can you tell me what you did that makes you
 6   guilty of that offense?
 7   A.   March to April 2017, I persuaded and enticed an individual
 8   under the age of 18 to take sexual explicit images of herself
 9   and send them to me on the internet to engage -- I engaged in
10   this conduct in Brooklyn, New York.  I knew what I was doing
11   was illegal and wrong.
12              THE COURT:  Okay.  Is that sufficient to the
13   government?
14              MR. GLEICH:  It is, Your Honor.
15              THE COURT:  Okay.  All right, so based on the
16   information given to me, I find that the defendant is acting
17   voluntarily, that he understands his rights and the
18   consequences of his plea and that there's a factual basis for
19   the plea.  Therefore, we'll recommend to Judge Block that he
20   accept the plea of guilty to the sole count in the superseding
21   information.  Is there a sentencing date that's been set?
22              MR. HUESTON:  I'm not aware of one.  There is a
23   control date that the judge had put in place, but I'll notify
24   the clerk that the -- you know, actually (indiscern.).  The
25   clerk will be notified of this proceeding.  I assume the judge

20

1  will set a date.
2           THE COURT: Okay. All right, they'll set a date or
3  sometimes they'll wait until the pre-sentence report is done.
4  But I assume you want to be present for the pre-sentence
5  interview?
6           MR. HUESTON: Yes I do, Your Honor. Thank you.
7           THE COURT: Okay. Any other issues from either
8  side?
9           MR. GLEICH: No, Your Honor.
10          MR. HUESTON: Nothing from the defense. Thank you,
11 Your Honor.
12          THE COURT: Okay. Thanks, everyone.
13          MR. GLEICH: Thank you, Your Honor.
14          MR. HUESTON: Have a good day. Have a good holiday.
15          THE COURT: You too.
16       (Court adjourned)
17
18                         CERTIFICATION
19 I certify that the foregoing is a correct transcript from the
20 electronic sound recording of the proceedings in the above-
21 entitled matter.
22
23    *Lewis Parham*                          2/4/22
24
25
26 _____        _____
27 Signature of Transcriber                  Date