# MICHAEL HUESTON

### ATTORNEY AT LAW

---

16 COURT STREET                                      Tel: (718) 246-2900
35TH FLOOR                                           Fax: (718) 246-2903
BROOKLYN, NEW YORK 11241        Email: mh@michaelhueston.com

---

ADMITTED NY

October 10, 2024

**BY ECF**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Ruslan Mirvis*, 17 Cr. 273 (S-1) (FB)

Your Honor:

Dory Silverman and I represent defendant Mr. Ruslan Mirvis.  We reply to the Government's October 8, 2024 letter.

### A.   U.S.S.G. § 2G2.1

First, regarding the government's argument that our reliance on *United States v. Dorvee*, 616 F.3d 174, 182 (2d Cir. 2010) is misplaced, as our case involves U.S.S.G. § 2G2.1, we amend our argument as follows.

We maintain that the guideline range, here, merits little deference because U.S.S.G § 2G2.1, the production Guideline, suffers from the same deficiencies as U.S.S.G § 2G2.2, the possession Guideline. *See Dorvee*, 616 F.3d at 184. First, § 2G2.1 does not reflect the Sentencing Commission's usual "empirical approach," but rather implements a series of Congressional directives to establish "harsher penalties" for production offenses. *Id.*; *see also* U.S. Sent'g Comm'n, Report to the Congress: Federal Child Pornography Offenses (2012), at 249-50.[1]

As first promulgated, § 2G2.1 carried a base offense level of 25. In 1996, Congress required the Commission to increase the base offense level to 27. Sex Crimes Against Children Prevention Act of 1995, § 2, Pub. L. No. 104-71, 109 Stat. 774; U.S.S.G. App. C, amend. 534 (1997). Then in 2004, in response to Congress's decision to increase the mandatory minimum for § 2251 offenses from 10 to 15 years, the Sentencing Commission raised the base offense level to 32. *See* PROTECT Act, § 103(b)(1)(A), Pub. L. No. 108-21, 117 Stat. 650, 653 (2003); U.S.S.G. App. C, amend. 664 (2004). Similarly, Congress, not the Commission, prompted the adoption of the two-level enhancement for use of a computer, § 2G2.1(b)(6), *see* Sex Crimes of Children Prevention Act of 1995, § 3, 109 Stat. at 774; U.S.S.G. App. C, amend. 534; and the four-level enhancement for sadistic material, § 2G2.1(b)(4), *see* PROTECT Act, § 401(i)(1)(B), 117 Stat. at

---

[1] https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses.

672-73; U.S.S.G. App. C, amend. 664. Thus, an increased total of 13 levels (seven in the base offense level and six in common enhancements) derive from Congress, not the Commission. *see also* 2012 Report, at 249-50.

Second, these § 2G2.1 enhancements "apply to the vast majority of defendants." *Dorvee*, 616 F.3d at 186. Of all the sentences under § 2G2.1 in the fiscal year 2022, 100% started with a base offense level of 32, but then 99.7% of the cases included specific offense characteristic upward adjustments. *See* U.S. Sent'g Comm'n, Use of Guidelines and Specific Offense Characteristics (2022) at 97.[2] Specifically, 90% involved a four- or two-level age-of-victim enhancement, § 2G2.1(b)(1), 66.1% involved the commission of a sexual act or sexual contact, § 2G2.1(b)(2)(A), 49.8% involved misrepresentations/use of a computer, § 2G2.1(b)(6), and 9.6% involved a portrayal of an infant or toddler, 2G2.1(b)(4)(B), i.e. the same enhancements applied in this case.

Considering the nature and circumstances of the offense, and the problems with the production Guideline, the Guideline range in this case is far too high. Notably, the inherent flaws in U.S.S.G § 2G2.1 have led to growing criticism.

For instance, in the dissent in *United States v. Brown*, 843 F.3d 74 (2d Cir. 2016), Judge Pooler pointed out:

> As with the guidelines for trafficking in child pornography found in Section 2G2.2, the Sentencing Commission did not use an empirical approach to develop the production guidelines found in Section 2G2.1."). Instead, the Commission has increased the base offense level and added enhancements for production offenses "usually as a result of congressional directives." *See* U.S. Sentencing Comm'n, *Federal Child Pornography Offenses* 249 (2012).

*Brown*, at 89 (internal citations omitted).  And while *Brown* dealt with violations of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B), Judge Pooler observed:

> Though the enhancements for production offenses are not applied as commonly as the enhancements for possession and distribution, they are very frequently applied, and they quickly add up to recommended sentences at or above the 30-year statutory maximum. Brown's case illustrates the point. The base offense level for one of Brown's production offenses was 32, corresponding to a guidelines range of about 10 to 13 years for a first-time offender such as Brown. When Brown's three production counts are then 'stacked' together under the guidelines, his base offense level for all three counts becomes 35, *see* U.S.S.G. § 3D1.4, corresponding to a guidelines range of about 14 to 18 years.

---

[2] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/2022/Ch2_Offender_FY22.pdf.

Brown's offense level then increased, however, by virtue of six separate sentencing enhancements. Taken together, these enhancements catapulted Brown's guidelines range to the statutory maximum on all counts—110 years in total.

The conduct giving rise to these enhancements cannot justify such a dramatic departure from the sentence that would have been recommended based solely on the offense itself. For example, Brown received a two-level enhancement because Jane Doe 1 was in his "custody, care, or supervisory control." *See* U.S.S.G. § 2G2.1(b)(5). He received another two-level enhancement because the offense involved a "vulnerable victim," as Jane Doe 1 was sleeping in some of the pictures. *See* U.S.S.G. 3A1.1(b)(1). These two enhancements alone increased Brown's offense level to 39 and his guidelines range to 22-27 years. Thus, according to the guidelines, the fact that Brown was babysitting Jane Doe 1, and took pictures while she was sleeping, warrants an additional eight to nine years of imprisonment. Had Brown taken pictures of a stranger while she was awake, however, no additional punishment would have been imposed. It is doubtful that these distinctions can justify nearly a decade of additional imprisonment. Brown also received a four-level enhancement because Jane Doe 1 was under the age of twelve. *See* U.S.S.G. § 2G2.1(b)(1). To be sure, Jane Doe 1's age was relevant to the seriousness of the offense and ought to be considered in fashioning an appropriate sentence. But the four-level enhancement, when considered with the two enhancements just discussed, increased Brown's offense level to 43 and thus his guidelines range to the statutory maximum of 110 years.

*Brown*, at 89-90 (internal citations omitted). Importantly, Judge Pooler cautioned:

Particularly because of the abnormalities of the Sentencing Guidelines covering child pornography crimes, we must be especially careful in reviewing the substantive reasonableness of sentences assigned for these offenses. A key duty in that endeavor is to "consider whether [the] factor[s] relied on by a sentencing court can bear the weight assigned to [them]." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008); *see also United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009).

In another Second Circuit dissent, criticizing U.S.S.G. § 2G2.1, Judge Underhill observed in a section entitled, "The Sentencing Guidelines Offer No Help":

The child pornography production guideline, U.S.S.G. § 2G2.1, shares many of the same flaws identified by this Court when it reviewed the child pornography distribution guideline, U.S.S.G. §

2G2. *See Dorvee,* 616 F.3d at 184-88. I need not emphasize those flaws here, for the thing speaks for itself: Muzio's Guidelines range, for a non-violent, first-time offender who had no physical contact with any victim, was calculated to be 6,000 months. We learned on appeal that it was actually "only" 2,400 months, but there is no practical difference between 500 years in prison and 200 years in prison.

The Guidelines are an exceedingly blunt tool in the child pornography context. They do not call for consideration of the characteristics of the defendant and do not meaningfully account for differences in conduct committed by persons who violated the same statute. *See Graham v. Florida*, 560 U.S. 48, 59, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *see also Dorvee*, 616 F.3d at 187 ("[C]ourts must guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct.") (citing *Gall v. United States*, 552 U.S. 38, 55, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)). Achieving such proportionality is one major reason that the Sentencing Guidelines exist. *See* 28 U.S.C. § 991(b)(1)(B) (articulating that a purpose of the Sentencing Commission is to "avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct"); U.S.S.G. ch. 1, pt. A, at § 1.3 (noting that, in instituting Guidelines, "Congress sought proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity"); 18 U.S.C. § 3553(a)(6).

*United States v. Muzio*, 966 F.3d 61, 71-72 (2d Cir. 2020) (internal citation omitted).

The defense was not offering a "strawman" by pointing out that Mr. Mirvis did not meet the victims or distribute the images or videos, that he has no prior criminal convictions and no history of sexual misconduct, and his conduct occurred over three months. These are important factors to consider in evaluating Mr. Mirvis's conduct because U.S.S.G. § 2G2.1 suffers from the same "flaws" as U.S.S.G. § 2G2.2  It is a "blunt tool" that fails to address defendants of differing circumstances and conduct adequately. Accordingly, we respectfully, ask the Court to vary from this Guideline based on its unempirical design and unreasonable severity.

B. **Disparate Sentences**

Second, regarding the government's disparity argument, the comparative cases listed below demonstrate that Mr. Mirvis's request for a variance is not unreasonable considering his individual circumstances and conduct.[3]

- *United States v. Khan*, 15 Cr 804 (JSR) (S.D.N.Y.). The defendant met the victim online when she was 11 years old and groomed her for multiple years. When she was fifteen years old, he traveled to a foreign country to have sex with her. He convinced her to transmit live nude images of herself to him over the internet. He also made advances to other underage girls online. With a 15-year mandatory minimum, Judge Rakoff sentenced the defendant to 206 months, or 17 years.

- *United States v. Hope*, 15 Cr 888 (SHS) (S.D.N.Y.). In this case the Guideline range was 360 months to life. The defendant operated a sex trafficking ring with multiple victims that repeatedly exploited minor girls using threats of violence. He posted lurid photos of the minor girls in advertisements an attempt to lure customers to have sex with the minors. Judge Stein sentenced the defendant to 216 months, or 18 years.

- *United States v. Cruz*, 15 Cr 338 (PKC) (S.D.N.Y.). The defendant in this case was a high school teacher in the Bronx. He encouraged a dozen young boys to produce nude photographs on the internet. He often posed as a teenager himself to get them to send photographs, and he did so at times when on school grounds and serving as a teacher. Judge Crotty sentenced him to 84 months, or 8 years.

- *United States v. Montgomery*, 14 Cr. 771 (JPO) (S.D.N.Y.). The defendant solicited and received explicit images from minor victim via instant messaging program for several years; made two trips to visit victim in her home country, Peru, where he had sexual intercourse with her when she was 16 and 17 years old; he then made video recordings of the victim performing oral sex on him and uploaded those videos to internet, using victim's name. He also instructed others on how to entice minors on the internet. Judge Oetken sentenced the defendant to 180 months, or 15 years.

- *United States v. Cardona*, 14 Cr. 314 (RA) (S.D.N.Y.). The defendant induced an 11-year-old boy to send him explicit photos via internet. Separately, the defendant, who was HIV positive, engaged in oral sex with 14-year-old boy on 10–20 occasions over a year, videotaped the abuse, and uploaded video to internet. The defendant also admitted to (uncharged) sexual contact with several children he supervised at afterschool program. Judge Abrams sentenced the defendant to 210 months, or 17.5 years following trial conviction on two counts of production, and one count each of distribution, receipt, and possession.

---

[3]All information discussed in these case summaries were found by the Federal Defenders in *United States v. Steve Rosado*, S1 21 Cr. 3 (JSR) (S.D.N.Y.), ECF No. 29, in reviewing government's sentencing submissions or indictment for each case from the ECF dockets.

- *United States v. Wang*, 11 Cr 730 (PGG). The defendant operated a child pornography website where he advertised and hosted child pornography. As part of this scheme, he made over $750,000 in profits. Judge Gardephe sentenced the defendant to 210 months, or 17.5 years.

- *United States v. Correa*, 08 Cr. 1026 (HB). The defendant drugged his 10-year-old nephew and, along with three other men, molested him, photographed abuse, and uploaded images to Internet. The defendant had been previously charged with possessing child pornography in the past. Judge Baer sentenced him to 15 years.

- *United States v. Griffith*, 99 Cr. 786 (HB). Defendant brothers recruited teenage girls to work as prostitutes and videotaped one performing oral sex on them. Following trial convictions on § 2251(a) and several other offenses, defendants were sentenced to 126 and 120 months. (Section 2251(a) then carried a 10-year mandatory minimum.).

Indeed, in *United States v. Aldo Blas*, 14 Cr. 367 (FB) (E.D.N.Y.), Your Honor sentenced the defendant to the mandatory minimum of 15 years' imprisonment, followed by five years of supervised release after he pled guilty to sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), ECF No. 40 (judgment of conviction). Notably, "Blas was arrested after law enforcement detected him trading child pornography on the internet. After obtaining and searching his electronic devices, agents discovered ten homemade videos of Blas engaged in sexual activity with his girlfriend's sixteen-year-old daughter, who was not aware that these encounters were being recorded." *United States v. Blas*, No. 1:14-cv-00367-FB-1, 2021 U.S. Dist. LEXIS 138911, at *1 (E.D.N.Y. July 23, 2021).

Further, in *United States v. Timothy Martinez*, 20 Cr. 80 (FB) (E.D.N.Y.), a jury found the defendant guilty of several offenses, including Sexual Exploitation of minors in violation of 18 U.S.C. § 2251, and attempted receipt of child pornography, who had a total offense level of 43 with a Criminal History Category of I, and Guidelines sentencing range of life. ECF No. 81 (government's sentencing memorandum).

Nevertheless, Your Honor sentenced Martinez to a total term of 180 months' imprisonment.  ECF. 88.  The case against Martinez was serious. The evidence at trial demonstrated that the defendant engaged in sexually explicit conversations with an individual whom he believed to be a minor and paid this individual for sexually explicit images and videos depicting minors, possessed images of child pornography, and persuaded Jane Doe -1 and Jane Doe-2 to masturbate and show their genitals and pubic area to him on live video chats. He met both of the minor girls through internet websites where people can meet each other for, among reasons, sexually explicit purposes. The defendant's interactions with minors were not limited to his engaging with Jane Doe-1 and Jane Doe-2, he also had sexually charged communications with numerous other minors as well.

Again, these cases demonstrate that Mr. Mirvis's request for a variance is not unreasonable, considering his circumstances and conduct.

**C.**



**D.  <u>Conclusion</u>**

We respectfully urge the Court to vary from the Guideline range based on the 18 U.S.C. § 3553(a) factors set forth in the defense's submissions and impose a sentence of 10 years' incarceration and five years' supervised release.

Mr. Mirvis is deeply sorry for his actions. He has demonstrated his genuine remorse and a commitment to change. Importantly, there is a strong likelihood that he will be successful in treatment once he is released, which should be a cause for optimism about his rehabilitation.

Respectfully,


/s/ Michael Hueston
Dorea Silverman